IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD J. HANNON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1053 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                 April 8, 2008

       Upon consideration of the brief in support of request for review filed by plaintiff and defendant's response (Doc. Nos. 5 & 8), the court makes the following findings and conclusions:

       1.     On February 11, 2005, Richard J. Hannon ("Hannon") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f alleging an onset date of February 6, 2004. (Tr. 22; 309-313). Throughout the administrative process, including an administrative hearing held on March 15, 2006 before an ALJ, Hannon's claims were denied. (Tr. 4-6; 11-21; 24-28; 319-345). Pursuant to 42 U.S.C. § 405(g), Hannon filed his complaint in this court on March 16, 2007.

       2.     In her May 10, 2006 decision, the ALJ concluded, *inter alia*, that: (1) Hannon had severe impairments consisting of a cardiac impairment which included hypertension and a musculoskeletal impairment which included arthritis of the knees; (2) Hannon's impairments did not meet or equal a listing; (3) Hannon had the residual functional capacity ("RFC") to perform sedentary work with a sit/stand option; and (4) Hannon could perform jobs that existed in significant numbers in the national economy and was not disabled. (Tr. 15 ¶ 1; 16 Finding 3; 16 ¶ 8; 17 Findings 4 & 5; 20 Finding 10; 21 Finding 11).[1]

       3.     The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

4. Hannon asserts that the ALJ failed to properly assess and credit his subjective complaints. Specifically, Hannon claims that the ALJ failed to properly consider his testimony regarding his alleged disabling headaches and failed to properly credit his complaints regarding disabling knee pain due to arthritis. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). Likewise, the ALJ is required to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it. Hartranft, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529(c)).

The ALJ recognized that Hannon alleged that he had very severe headaches. (Tr. 17 ¶ 7; 18 ¶¶ 3-4). The evidence suggests that these headaches are secondary to Hannon's poorly controlled hypertension. (Tr. 121; 123; 143; 149; 192; 204; 242-43; 335). The ALJ further recognized that Hannon suffered fewer headaches when compliant with his hypertension medication. (Tr. 17 ¶ 7; 143; 335). The medical evidence, including several CAT scans of Hannon's brain, do not reveal any significant issues. (Tr. 143; 151; 161; 166; 167; 168; 220; 226; 229; 245). In support of his argument, Hannon cites only to his own subjective complaints that, while his headaches have improved, he still has two to three migraines per week, some of which are incapacitating. (Tr. 335). Subjective symptoms alone are not enough to establish an impairment. 20 C.F.R. §§ 404.1528(a); 416.928(a); 404.1529(c)(2); 416.929(c)(2). It is apparent that the ALJ did consider the evidence regarding Hannon's headaches but reasonably determined that they were not as debilitating as he alleged. This conclusion is supported by substantial evidence.

Regarding Hannon's complaints of pain, the ALJ recognized that Hannon's impairments could reasonably be expected to produce the alleged symptoms but that his statements regarding the intensity, duration and limiting effects of these symptoms were not totally credible. (Tr. 17 ¶ 8). The ALJ noted that Hannon and his wife (who is also pursuing SSI benefits) share the household chores, that Hannon was able to attend his children's school activities and use public transportation, and that he took hydrocortisone and ibuprofen for pain. (Tr. 17 ¶ 5-7; 325; 334). The ALJ remarked that, although the medical evidence showed moderate to severe osteoarthritis in his knees, in a February 23, 2004 report (generated only a couple of weeks after he claimed he was disabled), it was recorded that Hannon "report[ed] feeling improved overall, 80%" and that he was tolerating modified work activity well. (Tr. 17 ¶ 9; 19 ¶ 1; 109; 276). The ALJ further noted that Hannon had refused physical therapy, he had full range of motion in his knees (with grating of the patella), no treating or examining physician

reported that he was disabled, and that medical treatment was routine and clinical results (other than the severe bilateral knee arthritis) were not remarkable. (Tr. 18 ¶ 6; 19 ¶¶ 1-2, 7; 200-01; 204; 276; 277; 337-38). Other records also document improvement and show that Hannon was not working because there was no light duty work available, not because he could not work. (Tr. 105; 112). I also note that the conclusions of Dr. Horacio Buschiazzo, an examining physician, are consistent with sedentary work and that the state agency consultant opined that Hannon's statements were only partially credible. (Tr. 198-204; 213). The ALJ properly assessed Hannon's subjective complaints pursuant to the regulations and reasonably found that they were not fully credible. Her conclusion is supported by substantial evidence.

     5.    Upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence. As a result, Hannon's request for relief must be denied and the decision must be affirmed.

     An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD J. HANNON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1053 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 8th day of April, 2008, upon consideration of the brief in support of request for review filed by plaintiff and defendant's response (Doc. Nos. 5 & 8) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

                                                             _Lowell A. Reed, Jr._
                                                             LOWELL A. REED, JR., Sr. J.